```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION
```

**DAY DREAMS RESOURCES, LLC**                                **PLAINTIFFS**
**and JERRY P. OGDEN**

**VS.**                    **CIVIL ACTION NO: 5:15-cv-37-DCB-MTP**

**CHARLES D. HUTCHISON**                                      **DEFENDANT**

**ORDER DENYING MOTION TO DISMISS**

This cause is before the Court on Defendant's, Charles D. Hutchison's, Motion to Dismiss **[docket entry no. 11]**. Having considered the motion and responses, applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as follows:

I. Factual[1] and Procedural Background

Plaintiff Jerry P. Ogden is the sole member and manager of Plaintiff Day Dreams Resources, LLC ("Day Dreams"). Day Dreams entered into an oral contract with Defendant Charles D. Hutchison to acquire interests in the Tuscaloosa Marine Shale, that covers parts of southern Louisiana and southwestern Mississippi, on Hutchison's behalf. On Hutchison's instructions, "Day Dreams and Ogden, or their agent," were to obtain commitments for lease agreements with the owners of the mineral rights in the land,

---

[1] All facts in this opinion are taken from the Complaint.

1

contingent on receiving clear title. Compl. ¶ 8(c). Day Dreams contracted with Lone Wolf Properties, LLC ("Lone Wolf") to act as its "acquisition agent in providing lease acquisition and other landman services." Compl. ¶ 9. "Hutchison agreed to reimburse Day Dreams for expenditures made for his benefit during the course of acquiring the leases." Compl. ¶ 8(h). Hutchison also agreed to pay Ogden a finder's fee based on the net mineral acreage acquired.

"Day Dreams and/or Lone Wolf acquired for Hutchison's benefit twenty-one (21) oil, gas and mineral leases consisting of 3,517.455 net mineral acres" from July 2013 to July 2014. Compl. ¶11. Between July and September 2014, Day Dreams identified nineteen more mineral tracts with potential for acquisition for the benefit of Hutchison. In the last week of October 2014, Hutchison instructed Day Dreams, through Ogden, to stop leasing additional acreage. By this time, Day Dreams and/or Lone Wolf had already "leased or committed to lease" ten of those nineteen tracts. Compl. ¶ 13. Day Dreams alleges that Hutchison has refused to pay for these leases, thus requiring Day Dreams and/or Lone Wolf "to fund the lease acquisitions in order to avoid defaulting." Compl. ¶ 15.

## II. Analysis

Hutchison has moved to dismiss Day Dreams' claims arguing that Day Dreams lacks standing to assert this claim under Federal Rule of Civil Procedure 12(b)(1). Specifically, Hutchison argues that Day Dreams has not alleged an injury in fact.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation omitted). The plaintiff must plead sufficient facts so that the Court may reasonably infer the defendant's liability for the alleged misconduct. Id. "[A] plaintiff armed with nothing more than conclusions cannot unlock the doors of discovery." Doe v. Robertson, 751 F.3d 383, 393 (5th Cir. 2014) (internal quotations omitted).

"Constitutional standing is a jurisdictional question." Brown v. Offshore Specialty Fabricators, Inc., 663 F.3d 759, 769 (5th Cir. 2011). A motion to dismiss based on standing is therefore governed by the standard of Rule[2] 12(b)(1) rather than Rule 12(b)(6). Harold H. Huggin Realty, Inc. v. FNC, Inc., 634 F.3d 787, 795 n.2 (5th Cir. 2011). In a motion under Rule 12(b)(1), "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Den Norske Stats Oljeselskap As v. HeereMac Vof, 241 F.3d 420, 424 (5th Cir. 2011). To establish standing, the plaintiff must meet the elements of (1) an injury in fact, (2) causation, and (3) redressability. Lujan v. Defenders of

---

[2] All references in this opinion are to the Federal Rules of Civil Procedure unless otherwise noted.

<u>Wildlife</u>, 504 U.S. 555, 560-61 (1992). An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." <u>Id.</u>, at 560 (internal quotation marks and citations omitted). The cause of the injury must be "fairly traceable" to an action by the defendant "and not the result of the independent action of some third party not before the court." <u>Id.</u> (internal quotation marks omitted). And "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." <u>Id.</u>, at 561 (internal quotation marks omitted).

Hutchison argues that Day Dreams has not plead an injury because (1) it is not apparent from the face of the complaint that Day Dreams suffered damage because it pled using the phrase "and/or"; (2) Day Dreams alleged only an insufficient threatened injury from its contract with Lone Wolf.

1. And/or

In its complaint, Day Dreams alleges that either it or its agent Lone Wolf acquired the leases or lease commitments on behalf of Hutchison. <u>See</u> Compl. ¶ 11 ("Day Dreams and/or Lone Wolf acquired . . . ."). Hutchison argues that the use of "and/or" means that the complaint can be read to mean that only Lone Wolf suffered any injury from Hutchison's alleged failure to pay on the contract.

It is true that "even when the plaintiff has alleged injury

4

sufficient to meet the 'case or controversy' requirement, . . . the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." <u>Warth v. Seldin</u>, 422 U.S. 490, 499 (1975). But here, Day Dreams <u>is</u> asserting its rights under the contract with Hutchison. The contract, as alleged in the complaint, contemplated that Day Dreams would hire an acquisition agent such as Lone Wolf to acquire the mineral leases. <u>See</u> Compl. ¶ 8(c). Therefore, this argument is without merit.

2. Threatened Injury

In his briefing, Hutchison argues that Day Dreams only suffered reliance damages on the contract–because Lone Wolf actually acquired all of the leases–and that the injury is a constitutionally insufficient threatened injury because Lone Wolf may not enforce the contract.

In his reply brief, Hutchison summarizes the argument about the characterization of Day Dreams' damages:

> Hutchison's opening brief characterized the measure of Day Dreams' damages as "out-of-pocket lease-acquisition damages." Day Dreams calls this "misleading and inaccurate" because out-of-pocket damages is a measure "geared toward a quantum merit-based claim" rather than breach of contract.
> But out-of-pocket damages (in other words, reliance damages) is the only proper classification for the type of damages sought by Day Dreams, and that classification provides the context for Day Dreams' lack of standing. Here is why.
> We learned in law school that there are two basic measures of contract damages: (1) benefit of the bargain; and (2) reliance. A party seeks benefit-of-the-bargain

>damages when he'd be better off if the contract were performed; thus he seeks the benefit he expected from the contract. A party seeks reliance (or expense) damages when he'd be better off if the contract had never been made; thus he seeks to recover the expenses he incurred because of the contract.

Reply 2 (internal footnotes and citations omitted). Hutchison then concedes that Ogden's finder's fee qualifies as benefit of the bargain damages.[3] Hutchison concludes that "[t]he expense damages that Day Dreams seeks . . . are textbook reliance (or out-of-pocket) damages." Reply 2. The argument goes that these reliance damages will not be suffered unless Lone Wolf enforces its contract, which it may not do, and therefore, Day Dreams' threatened injury is insufficient.

A threatened or prospective injury can support standing if it is "real, immediate, and direct." Davis v. Fed. Election Comm'n, 554 U.S. 724, 734 (2008). "A threatened injury must be certainly

---

[3] The Court muses whether this concession means that Hutchison concedes that Ogden has standing to sue on the contract. The Fifth Circuit has held that "when one of multiple co-parties raising the same claims and issues properly has standing, [the court] do[es] not need to verify the independent standing of the other co-plaintiffs." Nat'l Sold Wast Mgmt. Ass'n v. Pine Belt Reg'l Sold Wast Mgmt. Auth., 389 F.3d 491, 501 n.18 (5th Cir. 2004). Ogden's and Day Dreams' claims and issues are identical. But the Fifth Circuit has also cautioned that similar Supreme Court precedents merely "give courts license to avoid complex questions of standing in cases where the standing of others makes a case justiciable, it does not follow that these cases permit a court that knows that a party is without standing to nonetheless allow that party to participate in the case." Nat'l Rifle Ass'n of Am., Inc. v. McCraw, 719 F.3d 338, 344 n.3 (5th Cir. 2013) (emphasis in original). The Court will, despite this digression, soldier on in its analysis of Day Dreams' standing.

impending to constitute injury in fact." Whitmore v. Ark., 495 U.S. 149, 158 (1990). The Supreme Court has "insisted that the injury proceed with a high degree of immediacy, so as to reduce the possibility of deciding a case in which no injury would have occurred at all." Lujan, 504 U.S. at 564 n.2. But this immediacy is most relevant when "the plaintiff alleges only an injury at some indefinite future time, and the acts necessary to make the injury happen are at least partly within the plaintiff's own control." Id. The imminence of an injury is "a somewhat elastic concept." Id.

Hutchison argues that the threat of Lone Wolf's contract enforcement is not certain because Day Dreams "has not alleged or even attempted to show that Lone Wolf intends or has threatened to enforce that alleged contract. (For many reasons, people and companies often choose not to enforce contracts.)". Reply 4. The Court agrees that there are many reasons, both legal and commercial, why a party to a contract may choose not to enforce it, but the mere specter of nonperformance on an otherwise unchallenged contract is insufficient to turn a contractual obligation to pay from a constitutionally sufficient injury into a speculative injury. This is true especially at the motion to dismiss stage, when the burden of proof for standing is at its nadir. See Lujan, 504 U.S. at 561. Thus, assuming arguendo, that the damages alleged by Day Dreams are reliance damages, it still has alleged sufficient injury in fact to possess itself of standing.

Based on the foregoing analysis, the Court will deny the motion to dismiss.

### III. Order

IT IS HEREBY ORDERED THAT the Motion to Dismiss is DENIED.

SO ORDERED this the 21st day of July 2015.

                                      /s/ David Bramlette  
                                      UNITED STATES DISTRICT JUDGE